# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GREGORY BOLDEN,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:09-cv-574-Orl-31DAB**

**UNITED FORMING, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 26)**
>
> **FILED:**      **July 17, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This matter is before the Court upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may

enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the papers filed, it appears that Plaintiff claimed $11,246.40 in overtime pay, plus liquidated damages and attorney's fees and costs. The settlement agreement provides for Plaintiff to receive a total of $8,946.00, with $4,423.00 of that amount constituting overtime wages, $4,423.00 constituting liquidated damages, and $100.00 "for any and all other potential claims not related to Plaintiff's claim for unpaid overtime pay pursuant to the FLSA." This compromise was reached by weighing the strength of the defenses raised (including Defendant's position that it was in full compliance with FLSA as Plaintiff was an exempt employee, and the good faith defense to liquidated damages claim) and the costs and risks of continued litigation. In view of the foregoing, the Court finds the compromise to be a fair and reasonable resolution of a bona fide dispute.

As for attorney's fees, the parties represent that they have partially settled the matter in that Defendant "has agreed to pay an amount not to exceed $5,000.00 for Plaintiff's attorney's fees and costs,"noting that "Plaintiff will submit to the Court an accounting of his attorney's fees and costs."

The Court therefore **recommends** that the Joint Motion to Approve the settlement be **granted** and the settlement be approved, with the Court reserving jurisdiction to assess fees and costs upon a properly supported motion, compliant with Local Rule 3.01(g), to be filed within 11 days of any order approving this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 21, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy